UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUEAI FENG,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>LORETTA LYNCH,<br><br>　　　　Respondent. | 1:15 -cv-1496 SMS (HC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document#9) |

　　　　Petitioner, proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In her petition, Petitioner challenges her indefinite detention in U.S. Immigration and Customs Enforcement (ICE) custody. Doc. 1. Petitioner is incarcerated at the Mesa Verde Community Correctional Facility in Bakersfield, California. Petitioner has filed a motion for appointment of counsel. Doc. 9.

　　　　There currently exists no absolute right to appointment of counsel in habeas proceedings.  See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984).  However, Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require."  See Rule 8(c), Rules Governing Section 2254 Cases.  The court should only appoint counsel under "exceptional circumstances" and after evaluating the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner argues that English is not her first language and she has no background in law. She argues that she is unable to adequately investigate the facts relevant to her petition because of the restrictive conditions of her incarceration. She argues that she is therefore unable to adequately understand and present the legal issues in her case, including any potential discovery matters that may arise.

At this time, Petitioner has not demonstrated a likelihood of success on the merits and she appears sufficiently able to articulate her claim. The Court does not find that Petitioner's case falls under "exceptional circumstances" such that the interests of justice require the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that Petitioner's request for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **October 19, 2015**          **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE