**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUEAI FENG,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>LORETTA LYNCH, et al.,<br><br>　　　　Respondents. | 1:15-cv-01496-SMS (HC)<br><br>ORDER DISMISSING PETITION WITHOUT PREJUDICE<br><br>(Doc. 17) |

　　This matter is before the Court, *sua sponte*, on Petitioner's failure to prosecute.  On September 8, 2015, Petitioner, proceeding *pro se*, filed a habeas petition under 28 U.S.C. § 2241. Doc. 1.  Therein, Petitioner alleged unlawful detention by the United States Immigration and Customs Enforcement.  For the reasons that follow, the Court dismisses this petition without prejudice.

　　On March 8, 2016, the Court issued an order directing Respondents to file a response in the form of an answer or motion to dismiss within sixty days.  Doc. 13.  If Respondents filed an answer, Petitioner could have filed a reply within thirty days; otherwise, the petition and answer would be deemed submitted at the expiration of thirty days.  If Respondents filed a motion to dismiss, Petition was required to file an opposition or notice of opposition within twenty-one

1

days; otherwise, the motion to dismiss would be deemed submitted at the expiration of thirty days.  On the same day, the Court served a copy of the March 8, 2016 order to Petitioner by sending a copy to the address provided.  On March 10, 2016, Respondents filed a motion to dismiss requesting dismissal as Petitioner was no longer in immigration custody.  Doc. 17.  A copy of the motion was sent to Petitioner at the same address provided to the Court.

On March 24, 2016, the Court's March 8, 2016 order was returned with notice that Petitioner was no longer in custody and therefore the order was undeliverable.  To date, the Court has not received Petitioner's notice of change of address.  Additionally, no opposition or notice of opposition to the motion to dismiss has been filed.

Local Rule 183 provides, in relevant part:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

L.R. 183(c).  But before dismissing a case for lack of prosecution, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citation omitted).  And "[a]lthough beneficial to the reviewing court, a district court is not required to make specific findings on each of the essential factors."  *Id.* (citation omitted).

Turning then to the factors, the Court finds the first, second, third and fifth factors weigh in favor of dismissal, while only the fourth factor weighs against dismissal.  Since the March 8, 2016 order was returned undeliverable, nearly eight months (227 days) have passed.  Petitioner

still has not advised the Court or Respondents of her current address.  Surely, this is a hindrance to the public's interest, including Respondents,' in expeditious resolution of litigation and the Court's need to manage its docket.  And while the Court could take a less drastic route by providing notice to Petitioner about the possibility of dismissal of the case, this option is untenable given the lack of a current address.  Thus, while public policy favors disposition of the case on the merits—in this case without the benefit of Petitioner's opposition—it is not enough to overcome the weight of dismissal.

The Court will therefore exercise its power to dismiss this petition without prejudice for Petitioner's failure to prosecute.  *See Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (footnote omitted).

Accordingly, IT IS HEREBY ORDERED that this petition be dismissed without prejudice.  Respondents' motion to dismiss is therefore MOOT.   The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **November 8, 2016**              **/s/ Sandra M. Snyder**
                                                          UNITED STATES MAGISTRATE JUDGE

3